FILED

2004 JAN 13 P 4: 21

U.S. DISTRICT COURT
HARTFORD CT

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAY J. SILVA | : | NO.: 301CV00119 (AWT) |
| VS. | : | |
| CITY OF BRIDGEPORT, PHILIP C. HANDY AND FRANK RODI | : | JANUARY 13, 2004 |

## ANSWER AND SPECIAL DEFENSE

### COUNT ONE:

1.   ADMITTED Plaintiff purports to bring this action pursuant to the Americans With Disabilities Act of 1990. DENIED Defendant discriminated against Plaintiff in his employment on the grounds of disability.

2.   ADMITTED Plaintiff seeks to invoke the jurisdiction of this court pursuant to the referenced statutes. Defendant leaves Plaintiff to his burden of proof, however, of establishing the same.

3.   The allegations of paragraph three are ADMITTED.

4.   The allegations of paragraph four are ADMITTED.

5.   Defendant has insufficient knowledge to form a belief regarding the allegations set forth in paragraph five of the complaint and leaves Plaintiff to his burden of proving the same.

6. ADMITTED Plaintiff was a special officer employed by the Bridgeport Parks Department. The remaining allegations set forth in paragraph six of the complaint are DENIED.

7. The allegations set forth in paragraph seven are ADMITTED, with except it is DENIED that Frank Rodi ever worked for the Bridgeport Police Department.

8. DENIED Defendant Rodi spoke to Plaintiff regarding a potential change of union affiliation on February 9, 1999. ADMITTED, however, that Defendant Rodi spoke to Plaintiff as some point in early 1999 about a potential change of union affiliation for special officers. Specifically, Officer Rodi suggested to complainant and others that special officers change their union affiliation from NAGE-RI-200 to NAGE-IBPO ("International Brotherhood of Police Officers"). Further ADMITTED that when Officer Rodi spoke to Plaintiff in early 1990, Plaintiff said his father-in-law was a union negotiator for NAGE-IBPO. DENIED Plaintiff expressed any sentiment about betraying his father-in-law if special officers left NAGE-IBPO, since special officers were never affiliated with the IBPO. The remaining allegations of paragraph eight are DENIED.

9.  Denied Plaintiff was transferred to City Hall on March 3, 1999. Admitted, however, that Plaintiff was transferred to City Hall effective March 8, 1999, and that he was not issued a phone or car while assigned to City Hall because such equipment was not necessary. The remaining allegations and inferences set forth in paragraph nine of the complaint are DENIED.

10. DENIED Officer Jason DiDonoto was identically situated to Plaintiff. The remaining allegations set forth in paragraph ten are overly vague in that the date and circumstances surrounding Officer DiDonoto's use of the alleged vehicle are not stated. Defendant thus has insufficient information to form a belief regarding the same and leaves Plaintiff to his burden of proving he allegations.

11. The allegations set forth in paragraph eleven of the complaint are DENIED. Plaintiff was not assigned to City Hall on March 5, 1999, and similar "sign-in" requirements were imposed on other special officers.

12. The allegations of paragraph twelve of the complaint are DENIED. April 12, 1999 was a Sunday and Plaintiff was off duty. The remaining allegations of the paragraph twelve are overly vague because Plaintiff does not identify the "directive" in question. Defendant thus has insufficient information to

form a belief regarding the allegation and leaves Plaintiff to his burden of proving the same.

13. The allegation set forth in paragraph thirteen of the complaint are DENIED.

14. The allegations set forth in paragraph fourteen of the complaint are DENIED.

15. The allegations set forth in paragraph fourteen of the complaint are DENIED.

16. ADMITTED Plaintiff took a personal day on June 7, 1999. Defendant has insufficient knowledge to form a belief regarding the remaining allegations of paragraph sixteen of the complaint and leaves the Plaintiff to his burden of proving the same.

17. The allegations set forth in paragraph seventeen of the complaint are DENIED.

18. The allegations set forth in paragraph eighteen of the complaint are DENIED.

19. ADMITTED that on or about June 12, 1999, Defendant Rodi asked Plaintiff to provide a report concerning activity sheets and that, in response,

Plaintiff submitted a memorandum dated June 12, 1999. The remaining allegations set forth in paragraph nineteen of the complaint are DENIED.

20.   ADMITTED Plaintiff left work between 11:00 a.m. and 12:00 p.m. with Officer Rodi's permission on June 14, 1999. The remaining allegations set forth in paragraph twenty of the complaint are DENIED.

21.   ADMITTED that on or about July 2, 1999, Defendant Rodi instructed Plaintiff to stop phoning other on-duty special officers while Plaintiff was off-duty. Defendant Rodi instructed Plaintiff to stop making the calls in response to complaints he received from special officers, who complained that Plaintiff's repeated calls were annoying them. The remaining allegations set forth in paragraph twenty-one of the complaint are DENIED.

22.   The allegations set forth in paragraph twenty-two of the complaint are DENIED.

23.   ADMITTED Plaintiff was issued a written warning on July 22, 1999. The remaining allegations set forth in paragraph twenty-three of the complaint are DENIED.

24.   The allegations set forth in paragraph twenty-four of the complaint are DENIED.

25.     ADMITTED Plaintiff spoke to a newspaper reporter in Beardsley Park on July 28, 1999. The remaining allegations set forth in paragraph twenty-five of the complaint are DENIED..

26.     The allegations set forth in paragraph twenty-six of the complaint are DENEID. ADMITTED, however, that on July 30, 1999, Defendant Rodi ordered Plaintiff to write a report explaining his actions on July 28, 1999.

27.     ADMITTED Defendant Rodi instructed Plaintiff to submit a report explaining his actions on July 28, 1999, and that Plaintiff refused to do so saying his union said he did not have to prepare one. The remaining allegations set forth in paragraph twenty-seven of he complaint are DENIED.

29.     ADMITTED Defendant Rodi handed Plaintiff a pre-termination letter scheduling a hearing for August 3, 1999. Defendant lacks sufficient information to form a belief regarding the remaining allegations of paragraph twenty-nine, however, and leaves Plaintiff to his burden of proving the same.

30.     The allegations set forth in paragraph thirty of the complaint are DENIED. Plaintiff did not work on August 29, 1999.

31.     ADMITTED that on October 8, 1999, Defendant Rodi assigned Plaintiff to work the Columbus Day festivities at Kennedy Stadium on October 9,

1999. Since Plaintiff's patrol car was inoperable, Defendant Rodi told Plaintiff to drive his personal vehicle to the stadium. Even if another patrol car was available for Plaintiff's use, which is DENIED, Plaintiff was assigned a walking post and had no need for a car. Moreover, it was considerably more convenient that Plaintiff use his own vehicle to report to the stadium so that he could leave directly for home at the end of his shift. The remaining allegations set forth in paragraph thirty-one of the complaint are DENIED.

32. The allegations set forth in paragraph thirty-two of the complaint are DENIED.

33. ADMITTED Defendant Rodi hand delivered a notice of reassignment to Plaintiff's home on October 20, 1999. The remaining allegations set forth in paragraph thirty-two of the complaint are DENIED.

34. The allegations set forth in paragraph thirty-four of the complaint are DENIED.

35. The allegations set forth in paragraph thirty-five of the complaint are DENIED.

36. The allegations set forth in paragraph thirty-six of the complaint are DENIED.

37.  The allegations set forth in paragraph thirty-seven of the complaint are DENIED.

38.  The allegations set forth in paragraph thirty-eight of the complaint are DENIED.

**COUNT TWO:**

1-38.  Defendants' responses to the allegations set forth in paragraphs one through thirty-eight of Count One are hereby fully incorporated by reference as Defendants' responses to allegations set forth in paragraphs one through thirty-eight of this, Count Two, as though more fully set forth herein.

**COUNT THREE:**

1-38.  Defendants' responses to the allegations set forth in paragraphs one through thirty-eight of Count One are hereby fully incorporated by reference as Defendants' responses to allegations set forth in paragraphs one through thirty-eight of this, Count Three, as though more fully set forth herein.

**COUNT FOUR:**

1-38.  Defendants' responses to the allegations set forth in paragraphs one through thirty-eight of Count One are hereby fully incorporated by reference

as Defendants' responses to allegations set forth in paragraphs one through thirty-eight of this, Count Four, as though more fully set forth herein.

## SPECIAL DEFENSES

1.  <u>Qualified Immunity</u>:  At all times mentioned in the complaint the Defendants acted reasonably and in good faith with regard to all facts and circumstances known to them and are entitled to qualified immunity for their actions.

THE DEFENDANTS,

BY: _____
JOHN P. BOHANNON, JR.
Attorney at Law
1261 Post Road
Fairfield, CT 06604
Phone: 203.254.6633
Fax: 203.254.4453
Fed. Bar # - 13760

## CERTIFICATION

This is to certify that a copy of the foregoing was hand delivered and mailed, postage prepaid, to **Attorney John R. Williams, 51 Elm Street, Suite 409, New Haven, Connecticut 06510** on this 12th day of January, 2004.

John P. Bohannon, Jr., Esq.