```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF CONNECTICUT

JAY J. SILVA,                    :
                                 :
     Plaintiff,                  :
                                 :
     v.                          :    CASE NO. 3:01CV119 (DFM)
                                 :
CITY OF BRIDGEPORT, et al.,      :
                                 :
     Defendants.                 :
```

RULING

Pending before the court is the plaintiff's Motion to Reopen Judgment and for Order of Contempt (doc. #48). The motion is denied without prejudice.

In the Second Circuit, a contempt order is warranted "only where the moving party establishes by clear and convincing evidence that the alleged contemnor violated the district court's edict. More specifically, a movant must establish that (1) the order the contemnor failed to comply with is clear and unambiguous; (2) the proof of noncompliance is clear and convincing; and (3) the contemnor has not diligently attempted to comply in a reasonable manner." King v. Allied Vision, Ltd., 65 F.3d 1051, 1058 (2d Cir. 1995) (citations and internal quotation marks omitted).

Plaintiff bears the burden of establishing contempt. Levin v. Tiber Holding Corp., 277 F.3d 243, 250 (2d Cir. 2002) ("The party seeking to hold another in civil contempt bears the burden of proof"). The clear and convincing standard "requires a quantum of proof adequate to demonstrate a 'reasonable certainty' that a

violation has occurred." Id. at 250 (citations omitted). Plaintiff has not met this burden. The plaintiff did not submit any evidence or even a memorandum of law in support of his motion. See D. Conn. L. Civ. R. 7(a)1 ("[a]ny motion involving disputed issues of law shall be accompanied by a written memorandum of law").

In his reply brief, the plaintiff requests an evidentiary hearing on the "disputed factual issues." (Doc. #50 at 1.) However, the current record contains no disputed factual issues because the plaintiff did not submit any evidence to support the motion. Shifting the burden from the movant to the alleged contemnor without proving the underlying noncompliance is impermissible. Levin, 277 F.3d at 251. There is no absolute right to a hearing in the context of a motion for contempt. SEC v. Credit Bancorp, Ltd., No. 99 Civ. 11395 (RWS), 2000 WL 968010, *8 (S.D.N.Y. July 3, 2000) ("when there is no real factual dispute, then the court may proceed without an evidentiary hearing") (citing In re Grand Jury Proceeding (Doe), 13 F.3d 459 (1st Cir. 1994)); see also ACLI Gov't Securities, Inc. v. Rhoades, 989 F. Supp. 462, 466 (S.D.N.Y. 1997) (deciding contempt motion based on affidavits and exhibits).

The plaintiff has also moved to reopen the judgment without identifying any legal authority for doing so. If the plaintiff chooses to re-file, he shall set forth in an appropriate memorandum

of law the legal authority under which he seeks to reopen the judgment. <u>See</u> D. Conn. L. Civ. R. 7(a)1.

    SO ORDERED at Hartford, Connecticut this 14th day of March, 2006.

```
_____/s/_____
Donna F. Martinez
United States Magistrate Judge
```